**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

UNITED STATES OF AMERICA,

           Plaintiff,

-vs-                                        Case No. 2:04-cv-360-FtM-33SPC

CAPITAL CONSTRUCTION; MECHANICAL
ENGINEERING, INC.; GENERAL STAR
INDEMNITY COMPANY; J.W. EDENS &
COMPANY,

           Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Defendant General Star Indemnity Company's Motion to Dismiss the Amended Complaint (Doc. # 53) filed on March 31, 2005. The Plaintiff filed its response on April 7, 2005. On August 25, 2005, the District Court issued an order referring the Motion to this Court and thus, the Motion to Dismiss is now ripe for review.

## FACTS

General Star Indemnity Company (General Star) issued an insurance policy to Capitol Construction (Capitol) as a requirement for Capitol to enter into a contract with the Plaintiff to perform some renovations on the heating, ventilation, and air conditioning systems at the Fort Myers, Florida processing and distribution center. The contract between Capitol and the Plaintiff required

Capitol to maintain liability insurance coverage. Capitol acquired the necessary coverage from General Star through the Co-Defendant J.W. Edens & Company, Inc. (J.W. Edens or Defendant) who acted as the agent for General Star. However, General Star cancelled Capitol's liability insurance due to Capitol's failure to make premium payments. The contract between the Plaintiff and Capitol required that notice be given in writing thirty (30) days prior to the cancellation of Capitol's liability insurance. The Plaintiff alleges General Star had a duty to notify the Plaintiff of the cancellation but negligently failed to perform its duty. As a result, the Plaintiff brought the instant action against General Star.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff's can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (footnote omitted); Marsh v. Butler County, Alabama, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6), if assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319,

326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## DISCUSSION

General Star argues that Counts III, IV, and V should be dismissed because it owed no duty to the Postal Service to provide written notice of cancellation of Capitol's liability insurance coverage. General Star also states that Florida's Non-Joinder statute prohibits it being joined to the action unless a judgment is first issued against Capitol. And finally, General Star argues that the First Amended Complaint should be dismissed because it is a shotgun pleading that incorporates each count preceding count into the following counts without defining which counts specifically apply to General Star.

### *(1) Counts III, IV and V*

The Plaintiff alleges that General Star had a contractual responsibility to provide the Plaintiff with written notification of the cancellation of Capitol's liability policy thirty (30) days prior to the actual cancellation (Count III). The Plaintiff further alleges that General Star owed Capitol and the Postal Service a duty of care in providing insurance coverage under the liability policy that required a thirty (30) day written notice and negligently failed in that duty by cancelling the policy without notice (Count IV), and further that General Star negligently breached its duty of due care by providing Capitol with liability coverage that purportedly limited or destroyed the notice rights of the Postal Service (Count V).

General Star relies in part on DeMatteo Construction Company v. U.S., 220 Ct. Cl. 579 F.2d 1384, 1391 (Ct. Cl. 1979), for the proposition that third parties cannot be held liable for contractual terms between the United States Post Office and the main contracting party. Thus, General Star

argues that the notification requirement rested with Capitol and not with itself. General Star's reliance on DeMatteo is misplaced. DeMatteo involves a protest over competing bids to build a postal facility. The plaintiff in DeMatteo claimed a financial loss resulting from a delay created by a bid protest for the construction contract. Under the terms of the Postal Service Purchasing Manual, the protest process may take up to sixty-five (65) days to review. The protest in DeMatteo only took forty (40) days to review and thus, under the terms of the Postal Service Purchasing Manual, DeMatteo had no cause of action. The DeMatteo Court held that the failure of a government contracting agency to abide by a provision of its own regulation is material only if the provision is for the benefit of the contractor and there is a causal nexus between the failure and the asserted financial injury to the contractor. Id. Thus, General Stars reliance on Dematteo is misplaced because Dematteo focused on the alleged failure of the government agency and not on the performance of the contractor.

Additionally, General Star claims that it had no responsibility to provide notice because the contract did not contain a requirement and further, the Plaintiff never alleged in its complaint that General Star had an obligation to perform such a duty. The Plaintiff alleges that under the provisions of the Postal Service Procurement Manual, thirty (30) days notice must be given to the Postal Service prior to the cancellation of the coverage. The Plaintiff further argues that the Purchasing Manual's requirement for notification became apart of the contract.

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations as true and construe the complaint in light most favorable to the Plaintiff. Williams v. Alabama State University, 102 F.3d 1179, 1182 (11th Cir. 1997) (citing Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992) *cert. denied* 507 U.S. 987, 113 S. Ct. 1586, 123 L. Ed. 2d 153(1993)).

Furthermore, the complaint should not be dismissed unless it appears beyond doubt that the plaintiffs can prove <u>no set of facts</u> that would entitle them to relief. <u>Conley</u>, 355 U.S. at 45-46 (emphasis added). Contrary to General Star's assertion, paragraph thirteen (13) of the Amended Complaint specifically states that General Star owed a contractual duty to the Plaintiff to provide advanced written notice of cancellation of insurance coverage. Furthermore, Florida and Federal law are clear that the insurer has a responsibility under the terms of the Postal Service Purchasing Manual to provide written notice to the Postal Service of the liability insurance cancellation. <u>State of Florida Department of Insurance v. U.S.</u>, 33 Fed. Cl. 188, 194 (Fed. Cl. 1995) (holding that provisions of the United States Postal Service Purchasing Manual has the force of law and as a result applicable provisions must be interpreted as terms of the contract whether or not they were expressed in the contract). Fla. Stat. § 627.848(d); <u>Hunsucker v. Arrow Insurance</u>, 242 So.2d 205, 207 (Fla. 1st DCA 1971) (holding that governmental agency notification requirements are incorporated into the insurance contract). Thus, it is respectfully recommended that General Star's arguments lack merit and the Motion to dismiss should be denied.

*(2) Whether Florida's Non-Joinder of Insurance Statute Applies to General Star*

General Star argues that it is not liable for this action until a judgment is issued against Capitol. General Star cites Florida's Non-Joinder of Insurers statute which states in pertinent part:

> [i]t shall be a condition precedent to the accrual or maintenance of a cause of action against liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by policy.

Fla. Stat. 627.4136(1).

The purpose of the non-joinder statute is to ensure that no person other than the insured has an interest in a policy until a settlement or verdict has been obtained against the insured for a cause of action covered under the policy. State v. Mark Marks, P.A., 654 So. 2d 1184, 1191 (Fla. 4th DCA 1995). In this case, the Plaintiff is alleging that General Star failed in its contractual and legal duty under both Florida and Federal law to provide thirty days (30) written notice that Capitol's liability coverage had been cancelled. The allegation is that General Star owed the Postal Service the duty and thus, the Postal Service is not a third party but the primary party as to those allegations. Thus, the Plaintiff is alleging in Counts III, IV, and V a separate tort that General Star negligently failed in a legal and contractual duty directly owed to the Plaintiff. As a result, Florida's Non-Joinder statute is not applicable to Counts III, IV, and V and therefore, does not mandate a dismissal.

*(3) Whether the First Amended Complaint should be Dismissed as a Shotgun Pleading*

General Star also moves for dismissal arguing that Counts I and II are incorporated into Counts III, IV, V and VI and therefore, the claims have become to convoluted for a response. As grounds, General Star cites Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1292, 1293 (11th Cir. 2002). In Strategic Income, the Eleventh Circuit found the Plaintiff's Complaint was a quintessential "shotgun" complaint with each separate count incorporating by reference allegations of its predecessors, leading to a situation where all but the first count contained relevant factual allegations and legal conclusions. Id. at 1295.

However, in this case the complaint is not a shotgun pleading. Each count addresses which party that specific count is addressed to. All that is required under federal notice pleading is a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Nevertheless, Rule 10(b) requires that each claim be presented discretely and succinctly, with all

averments presented in numbered paragraphs, limited where practical to a single set of circumstances so that the plaintiff's adversary can know what is being claimed. Fed. R. Civ. P. 10(b). While, the Plaintiff's First Amended Complaint clearly alleges that counts III, IV, and V apply to General Star and why General Star is liable under those particular counts, the Plaintiff does incorporate all the preceding and following allegations of the complaint into each count. Thus, whether by design or accident Counts I, II and VI appear to also be directed toward General Star due to the incorporation clauses.

Pursuant to Rule12 "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). While the pleading is clear, the incorporation of each count into each successive count could cloud the issues on response and therefore, it is respectfully recommended that the Plaintiff clarify its incorporation clause to reflect where the facts are incorporated to each count and which counts are incorporated into other counts.

Accordingly, it is now

**RECOMMENDED:**

The Defendant's General Star Indemnity Company's Motion to Dismiss the Amended Complaint (Doc. # 53) should be **DENIED as to the Motion to Dismiss.** It is further recommended that the Plaintiff be given 20 days from the date of the District Court's Order to file an Amended Complaint clarifying the issues raised in the instant Motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this __20th__ day of September, 2005.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record