**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA,

           Plaintiff,

-vs-                                              Case No. 2:04-cv-360-FtM-33SPC

CAPITAL CONSTRUCTION; MECHANICAL
ENGINEERING, INC.; GENERAL STAR
INDEMNITY COMPANY; J.W. EDENS &
COMPANY,

           Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Defendant J.W. Edens & Company, Inc.'s Motion to Dismiss First Amended Complaint or Alternatively, Motion to Strike and Motion for More Definite Statement (Doc. # 51) filed on March 16, 2005. On April 4, 2005, the Plaintiff filed its response (Doc. # 56). On August 24, 2005, the District Court referred the Motion to this Court for a Report and Recommendation and thus, the Motion is now ripe for review.

**FACTS**

      The case arises out of the United States Postal Service's (Plaintiff) allegations that an employee of Mechanical Engineering, one of Capitol Construction's (Capitol) subcontractors, entered the United States Postal Distribution facility located at Fort Myers, Florida on July 4, 2001, to work on some unfinished projects being performed by Capitol for the Plaintiff. While inside the distribution center, the employee allegedly maneuvered a small crane known as a cherry picker into

the postal center's Universal Transport System (UTS) which is a series of tracks, belts, and containers used to automatically sort and transport mail around the facility and allegedly caused damage to the UTS.

When Capitol entered into a contract with the Plaintiff to perform some renovations on the heating, ventilation, and air conditioning systems at the Fort Myers, Florida processing and distribution center, the contract required Capitol to maintain liability insurance coverage. Capitol acquired the necessary coverage from General Star Indemnity Company (General Star) through J.W. Edens & Company, Inc. (J.W. Edens or Defendant) who acted as the agent for General Star.

However, the insurance policy was cancelled by General Star for Capitol's failure to make premium payments. The contract between the Plaintiff and Capitol required that notice be given in writing thirty (30) days prior to the cancellation of Capitol's liability insurance. General Star and J.W. Edens acknowledge that the notice was a part of the contract and that the insurance policy's coverage was for the benefit of the Plaintiff. The Plaintiff alleges that J.W. Edens as General Star's agent had a duty to notify the Plaintiff of the cancellation but negligently failed to perform its duty.

As a result, the Plaintiff brought several counts against J.W. Edens in its First Amended Complaint. In Count III, the Plaintiff alleges that General Star and J.W. Edens, as agent for General Star, breeched their respective contractual duty to Capitol and the Plaintiff by failing to provide advanced notice of cancellation of the liability insurance coverage. Count IV alleges that General Star and J.W. Edens owed Capitol and the Plaintiff a duty of due care in providing insurance coverage but negligently breeched that duty by cancelling the policy without written advanced notice. In Count V, the Plaintiff alleges that the General Star and J.W. Edens, as agent of General Star, owed the Plaintiff a duty care to provide insurance coverage that complied with the regulatory and contractual

requirements but they breeched that duty by procuring insurance that purported to limit or destroy the notice rights of the Postal Service. And finally, Count VI, alleges that the Postal Service was the third party beneficiary of the contract between Capitol and J.W. Edens as agent for General Star, in which J.W. Edens agreed to procure on behalf of Capitol the insurance coverage necessary for the Postal Service. A contract, according to the Plaintiff, that would comply with the provisions of the contract and the regulations that mandate direct notice of cancellation.

## DISCUSSION

The Defendant J.W. Edens argues that counts III, IV, V and VI should be dismissed under Fed. R. Civ. P. 12(b)(6), or clarified with a more definite statement under Fed. R. Civ. P. 12(e), or in the alternative, the First Amended Complaint should be stricken pursuant to Fed. R. Civ. P 12(f).

*(1) Whether the Counts III, IV, V, and VI Should be Dismissed Under Fed. R. Civ. P. 12(b)*

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff's can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (footnote omitted); Marsh v. Butler County, Alabama, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6), if assuming the truth of the factual allegations of plaintiff's

complaint, there is a dispositive legal issue which precludes relief. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); <u>Brown v. Crawford County, Georgia</u>, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

Count III

Count III alleges that J.W. Edens had a contractual responsibility as the agent for General Star to provide the Plaintiff with notification in writing thirty (30) days prior to the cancellation of the policy.  The Defendant J.W. Edens argues that because the Postal Service failed to allege ultimate facts that it was owed any contractual duty to receive written notice of the cancellation the count should be dismissed.  J.W. Edens further claims that it was a non-party to the contract between Capitol and General Star and a non-party to the contract between Capitol and the Postal Service and thus, under Florida law as a non-party it cannot be held responsible for any breaches.

However, the standard required to dismiss a complaint is not that the Defendant produced ultimate facts that support its position.  The Plaintiff alleges that J.W. Edens had a contractual responsibility to notify the Plaintiff of the policy's cancellation and failed in that duty.  Under 12(b)(6), the Court must accept all factual allegations as true and construe the complaint in light most favorable to the Plaintiff. <u>Williams v. Alabama State University</u>, 102 F.3d 1179, 1182 (11th Cir. 1997) (citing <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992) *cert. denied* 507 U.S. 987, 113 S. Ct. 1586, 123 L. Ed. 2d 153(1993)).  Furthermore, the complaint should not be dismissed unless it appears beyond doubt that the plaintiffs can prove <u>no set of facts</u> that would entitle them to relief. <u>Conley</u>, 355 U.S. at 45-46 (emphasis added).  In this case, the determination of whether or not J.W. Edens had a duty to notify the Plaintiff of the cancellation of coverage is a factual matter that cannot be determined without reviewing the insurance contract and/or the agency

agreement between General Star and J.W. Edens to determine Edens responsibility. Thus, the validity of Count III is more suited for a the Court's review on motion for summary judgment or determination by the trier of fact at trial.

Count IV

Count IV alleges that General Star and J.W. Edens owed Capitol and the Plaintiff a duty of due care in providing insurance coverage, but negligently breeched that duty by cancelling the policy without the required written advanced notice. J.W. Edens argues that under Florida Statute § 627.848, only General Star owed the Plaintiff a duty to give notification of cancellation.

The Plaintiff argues that pursuant to the Code of Federal Regulations, the terms of the Florida Statute are trumped by United States Postal Service Purchasing Manual, which requires that the terms of the policy must contain an endorsement to the effect that a cancellation of or material change in the policy that adversely affects the interest of the Postal Service will not be effective unless preceded by a thirty (30) day written notice of cancellation. Both Florida law and Federal regulations concur that the terms of the Postal Service Purchasing Manual are incorporated into the contract. 39 C.F.R. § 601.102 (holding that contractual agreements with the Postal Service are subject to the terms of the Postal Service Purchasing Manual); Fla. Stat. § 627.848(d); Hunsucker v. Arrow Insurance, 242 So.2d 205, 207 (Fla. 1st DCA 1971) (holding that governmental agency notification requirements are incorporated into the insurance contract).

While it is true that the under Fla. Stat. § 627.848(d), the insurer has a duty to notify the governmental agency of cancellation, the Plaintiff's complaint alleges that as General Star's agent, J.W. Edens also had the same duty. Whether or not J.W. Edens was required to give notice to the Plaintiff depends upon the terms of the agency agreement and the contract. An independent insurance

agent can be the agent of the insurance company for one purpose and the agent of the insured for another. Almerico v. RLI Insurance Co., 716 So.2d 774, 777 (Fla. 1st DCA 1998) (citing Steele v. Jackson Nat'l Life Insurance Co., 691 So. 2d 525. 527 (Fla. 5th DCA 1997)). Thus, under some factual circumstances depending upon J. W. Edens' contract and agency agreement with General Star and/or Capitol, Edens may have some liability. As a result, Count IV is a matter better suited for summary judgment or a determination by the trier of fact.

Counts V and VI

In Count V the Plaintiff alleges that General Star and J.W. Edens, as agent of General Star, owed the Plaintiff a duty of care to provide insurance coverage that complied with the regulatory and contractual requirements that thirty (30) days written notice be provided in the event of cancellation, but J.W. Edens breeched that duty by procuring insurance that purported to limit or destroy the notice rights of the Postal Service. Count VI contends that the Plaintiff was the third party beneficiary of the insurance contract.

J.W. Edens argues that it had no legal duty to the Plaintiff because J.W. Edens was merely an agent for General Star pertaining to the insurance policy sold to Capitol. Therefore, Edens argues that it owed no duty of notification to the Plaintiff pursuant to the Postal Service's Purchasing Manual, Edens was not involved on the decision to cancel the contract between Capitol and General Star, and further, that no contract existed between the Plaintiff and J.W. Edens.

However, contrary to J.W. Edens position, an insurance agent is required to use reasonable skill and diligence, and liability may result from a negligent failure to obtain coverage which is specifically requested or clearly warranted by the insured's expressed needs. Warehouse Foods, Inc. v. Corporate Risk Management Services, Inc., 530 So. 2d 422, 423 (Fla. 1st DCA 1988); Seascape

of Hickory Point Condominium Association v. Associated Insurance Services, 443 So. 2d 488, (Fla. 2d DCA 1984).  Thus, J.W. Edens argument lacks merit.

Regarding whether or not the Plaintiff was the intended beneficiary of the insurance coverage is conceded by the Plaintiff in his Memorandum of Law in Support of the Motion to Dismiss (Doc. # 51). J.W. Edens acknowledges that it was aware that the insurance contract with Capitol was for the benefit of the Plaintiff. (Doc. # 51, p. 2 ¶ 4).

Thus, after review of the arguments presented by both parties it is respectfully recommended that the Motion to dismiss Counts III, IV, V, and VI should be denied.

### *(2) Whether the First Amended Complaint Should be Clarified by a More Definite Statement Under Fed. R. Civ. P. 12(e)*

Rule12 states "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Each new count in the Amended Complaint begins by incorporating the allegations contained in the preceding paragraphs as fully set forth in the Complaint.  As such, J.W. Edens asserts that the Plaintiff First Amended Complaint is vague and ambiguous and that it cannot frame a proper response to the allegations made in the Complaint because it cannot tell which counts apply to it and which apply to the other defendants.  J.W. Edens argues that Fed. R. Civ. P. 8(a)(2), which only requires that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief, works in conjunction with Rule 10(b).  Rule 10(b) requires that each claim be presented discretely and succinctly, with all averments presented in numbered paragraphs, limited where practical to a single set of circumstances so that the plaintiff's adversary can know what is being claimed. Fed. R.

Civ. P. 10(b).  J.W. Edens contends that by incorporating each of the preceding paragraphs into each new count that Edens will be required to address counts that not are applicable to its defense.

While, the Plaintiff's First Amended Complaint clearly alleges that counts III, IV, V and VI apply to J.W. Edens and why Edens is liable under those particular counts, the Plaintiff does incorporate all the preceding allegations of the complaint in each count.  Thus, whether by design or accident Counts I and II are also directed toward J.W. Edens.  Based upon the general rules of pleading found in Fed. R. Civ. P. 10(b), J.W. Edens Motion for Clarification is warranted and should be granted.

*(3) Whether the First Amended Complaint Should be Stricken Pursuant to Fed. R. Civ. P 12(f)*

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005).  In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).  A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

J.W. Edens argues that the Complaint is the quintessential example of a shotgun pleading. J.W. Edens argument is overreaching.  While the incorporation clause incorporating all the preceding paragraphs into each new count might cause some confusion regarding Counts I and II, the Complaint is far from being a shotgun pleading, redundant, immaterial, impertinent, or a scandalous matter.  In fact, except for the noted exception, the Complaint is clearly organized and well pled.

Generally, unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, a motion to strike will usually be denied. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997). Thus in this case, the Court respectfully recommends that the Motion to Strike should be denied.

Accordingly, it is now

**RECOMMENDED:**

The Defendant J.W. Edens & Company, Inc.'s Motion to Dismiss First Amended Complaint or Alternatively, Motion to Strike and Motion for More Definite Statement (Doc. # 51) should be **GRANTED in part and DENIED in part.**

(1) The Defendant J.W. Edens & Company, Inc.'s Motion to Dismiss First Amended Complaint should be **DENIED.**

(2) The Defendant J.W. Edens & Company, Inc.'s Motion for a More Definite Statement should be **GRANTED.** It is further recommended that the Plaintiff be given 20 days from the date of the District Court's Order to file an Amended Complaint clarifying the issues raised in the instant Motion.

(3) The Defendant J.W. Edens & Company, Inc.'s Motion to Strike should be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this   20th   day of September, 2005.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record